IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>BRANDY SUE BURKOWSKI,<br><br>Defendant/Movant. | Cause No. CR 12-014-M-DWM<br>CV 13-218-M-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On February 27, 2014, Defendant/Movant Burkowski moved for a third extension of time to file a legal memorandum in support of her motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Burkowski is a federal prisoner proceeding pro se.

**I. Motion for Extension of Time**

Burkowski's § 2255 motion states no claim for relief at all. *See* Mot. § 2255 (Doc. 118), *passim*.

After extending Burkowski's time to submit any claim, on March 13, 2014, the Court entered an Order titled "Order Granting Final Extension of Time" (Doc. 125). The Order reasoned that Burkowski must already be aware of facts supporting a claim for relief against her conviction or sentence, because she filed a motion under 28 U.S.C. § 2255. She could not have done that in good faith if she was not aware of any facts supporting a claim for relief. Order (Doc. 125) at 2

1

("Burkowski is in the 'Catch-22' she describes . . . only if she filed her § 2255 motion in the hope of eventually discovering a flaw in her conviction or sentence."). But Burkowski's second motion for an extension of time set forth facts that could be construed as one claim for relief: she contended that counsel did not aggressively dispute the sentencing enhancement for possession of a weapon. Mot. for Time Extension (Doc. 123) at 1-2. Consequently, Burkowski was advised that she would have one additional extension of 30 days to state any additional claims she wanted the Court to consider. She was also advised that, "[a]t the end of that period, the Court will consider the claim in the Motion for Time Extension and any other claims she has made." Order (Doc. 125) at 3.

Burkowski responded with a third motion for extension of time. She explains that the facility where she is incarcerated has been shut down, resulting in disruption, relocation, and lack of access to a computer or law library until remodeling is complete. She reiterates her belief that she received "an unwarranted and inappropriate sentence based upon known truths of defense attorney and prosecutor." Mot. for Third Extension of Time (Doc. 127) at 2. She seeks an extension of time so that she may use a law library, as well as an extension of 45 days from the date she receives the ruling of the Court of Appeals on her premature and uncertified interlocutory appeal. *Id.* at 2-3.[1]

---

[1] The Court of Appeals dismissed her appeal for lack of jurisdiction on April 10, 2014.

Burkowski's requests are not reasonable. The Court assumes she did not foresee the recent disruption to her facility. But she should have made at least one claim for relief in the § 2255 motion she filed on October 15, 2013. She failed to do so. Since then, she has made one claim. It is time to move on with this case.

## II. Merits of the § 2255 Motion

With liberal construction, Burkowski may be understood to allege that trial counsel was ineffective and prosecuting counsel committed misconduct in connection with a two-level enhancement in the advisory guideline calculation for possession of a weapon under U.S.S.G. § 2D1.1(b)(1). The claim is likely time-barred, see 28 U.S.C. § 2255(f); *Mayle v. Felix*, 545 U.S. 644, 664 (2005), but it is more efficient to consider the merits, see *Day v. McDonough*, 547 U.S. 198, 210 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

Two handguns were found in a purse in a vehicle in which Burkowski was the only female passenger, along with Lucas Brager, her boyfriend, and another man who was not involved in the offense. No one claimed that Burkowski personally owned or used or intended to use those handguns. Presentence Report ¶ 13. Burkowski received the enhancement because she conspired with others, including Brager, *e.g.*, Plea Agreement (Doc. 45) at 3 ¶ 4; Offer of Proof (Doc. 46) at 3-5; she was accountable for his conduct if it was foreseeable to her, U.S.S.G. § 1B1.3(1)(A); his possession of firearms was foreseeable to her, Presentence Report

3

¶ 43; and it was not "clearly improbable" that there was a connection between the conspiracy to distribute methamphetamine and the two handguns for which Burkowski was accountable, *e.g.*, Presentence Report ¶¶ 13-14, 21, 32, 38-39, 40-41. The law supported the enhancement.

Moreover, despite Burkowski's claim that counsel did not dispute the enhancement with sufficient vigor, counsel filed a sentencing memorandum to attempt to avoid the enhancement and to attempt to obtain application of the safety valve as well. Sentencing Mem. (Doc. 82) at 2-11. She also argued the issue at sentencing. Minutes (Doc. 96). Counsel did not fail Burkowski; counsel lost the argument because the facts of Burkowski's offense defeated it.[2]

There is no basis for a claim either of ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984), or of prosecutorial misconduct, *Napue v. Illinois*, 360 U.S. 264, 269-71 (1959). A certificate of appealability is not warranted because Burkowski has not made a showing with any substance to it that she was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing § 2255 Proceedings.

Accordingly, IT IS HEREBY ORDERED as follows:

---

[2] A two-level enhancement was not imposed against another defendant under similar circumstances. *See* Presentence Report ¶¶ 29, 34. But that defendant was sentenced by a different judge, who viewed the law and the facts differently. Neither defense counsel nor the United States can compel sentencing judges to agree in their views of the law and the facts.

4

1. Burkowski's motion for an extension of time (Doc. 127) is DENIED.

2. Burkowski's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 118, 123, 127) is DENIED;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Burkowski files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-218-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Burkowski.

DATED this 1st day of April, 2014.

Donald W. Molloy
United States District Court